**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** )<br>)<br>)<br>) | **CIVIL ACTION NO.** |
| **Plaintiff** )<br>) | **17-cv-6811** |
| )<br>**v.** ) | **C O M P L A I N T** |
| )<br>) | **JURY TRIAL DEMAND** |
| **MIDWEST GAMING AND ENTERTAINMENT, LLC DBA RIVERS CASINO** )<br>)<br>) | |
| **Defendant.** )<br>) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Donnan Lake. As alleged with greater particularity in paragraph 12 – 18 below, Midwest Gaming and Entertainment, LLC, dba Rivers Casino ("Rivers Casino") discriminated against Donnan Lake by denying him a reasonable accommodation of leave extension and terminating him while he was on leave for surgery and treatment for cancer.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.      At all relevant times, Rivers Casino, has continuously been an Illinois corporation doing business in the State of Illinois and the City of Des Plaines, and has continuously had at least 15 employees.

5.      At all relevant times, Rivers Casino has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

6.      At all relevant times, Rivers Casino has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7.      More than thirty days prior to the institution of this lawsuit, Donnan Lake filed a charge with the Commission alleging violations of the ADA by Defendant Rivers Casino.

8.      On May 26, 2017, the Commission issued to Defendant Rivers Casino a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.      The Commission engaged in communications with Defendant Rivers Casino to provide Defendant Rivers Casino the opportunity to remedy discriminatory practices described in the Letter of Determination.

10.     On August 30, 2017, the Commission issued to Defendant Rivers Casino a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12.     Since at least January 8, 2016, Defendant Rivers Casino has engaged in unlawful employment practices in violation of Section 102 of Title I of the ADA, 42 U.S.C. 12112(a) and (b)(5).

13.     Donnan Lake is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).

14.     Lake has an impairment, cancer, that substantially limits the major life activity of normal cell growth.

15.     Lake worked for Defendant as a Slot Technician and was on a medical leave of absence for cancer treatment approved through January 2016.

16.     In January 2016, Lake requested a reasonable accommodation, extension of medical leave through the beginning of March 2016 for an additional surgical treatment for his cancer.

3

17.  Defendant Rivers Casino was aware that this request was due to Lake's need for additional surgery related to his treatment for cancer.

18.  Defendant Rivers Casino failed to provide the reasonable accommodation requested. Instead, Defendant Rivers Casino terminated Lake's employment on or about January 28, 2016.

19.     The effect of the practices complained of in paragraphs 12 – 18 above has been to deprive Lake of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

20.     The unlawful employment practices complained of in paragraphs 12 - 18 above were intentional.

21.     The unlawful employment practices complained of in paragraphs 12-18 above were done with malice or with reckless indifference to the federally protected rights of Lake.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Rivers Casino, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of disability.

B.     Order Defendant Rivers Casino to institute and carry out policies, practices, and programs, which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant Rivers Casino to make whole Lake, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.     Order Defendant Rivers Casino to make whole Lake by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12 – 18, in amounts to be determined at trial.

E.     Order Defendant Rivers Casino to make whole Lake by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 12 – 18 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.     Order Defendant Rivers Casino to pay Lake punitive damages for its malicious and reckless conduct, as described in paragraphs 12 – 18 above, in amounts to be determined at trial.

G.     Order Defendant Rivers Casino to make whole Lake through reinstatement into his previous position with full benefits and seniority.

H.     Grant such further relief as the Court deems necessary and proper in the public interest.

I.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: September 20, 2017

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. Equal Employment Opportunity
Commission
131 M. Street, N.E.
Washington, D.C. 20507


*s/ Gregory Gochanour*

_____

Regional Attorney
Gregory Gochanour


*s/Deborah L. Hamilton*

_____

Supervisory Trial Attorney
Deborah L. Hamilton

*s/Richard J. Mrizek*

_____

Trial Attorney
Richard J. Mrizek
ARDC # 6237730

U.S. Equal Employment Opportunity
Commission
Chicago District Office
500 West Madison St. Ste 2000
Chicago, Illinois 60661
(312) 869-8117
richard.mrizek@eeoc.gov