**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| **Plaintiff** | ) ) | **CIVIL ACTION NO. 17-cv-6811** |
| **v.** | ) ) ) | **CHIEF JUDGE CASTILLO** |
| **MIDWEST GAMING AND ENTERTAINMENT, LLC DBA RIVERS CASINO** | ) ) ) ) | |
| **Defendant.** | ) ) ) ) | |

## CONSENT DECREE

1.  Plaintiff Equal Employment Opportunity Commission ("EEOC") filed this action against Defendant Midwest Gaming and Entertainment, LLC d/b/a Rivers Casino ("Rivers") under the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991. EEOC alleged that Defendant violated the ADA by denying Charging Party Donnan Lake a reasonable accommodation and terminating his employment while he was on leave for surgery and treatment for cancer. Rivers filed an answer denying these allegations.

2.  In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Decree. This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by EEOC in this action.

## FINDINGS

3.      Having carefully examined the terms and provisions of this Decree, and based on

the pleadings, record, and stipulations of the parties, the Court finds the following:

   a.      This Court has jurisdiction of the subject matter of this action and of the parties.

   b.      The terms of this Decree are adequate, fair, reasonable, equitable, and just. The

   rights of the parties, Lake, and the public are adequately protected by this Decree.

   c.      This Decree conforms to the Federal Rules of Civil Procedure and the ADA and is

   not in derogation of the rights or privileges of any person. Entry of this Decree

   will further the objectives of the ADA, and will be in the best interests of Lake,

   the parties, and the public.

4.      Neither EEOC nor Defendant admits to the claims or defenses of the other party.


**WHEREFORE**, upon the consent of the parties, **IT IS ORDERED, ADJUDGED AND**

**DECREED THAT:**

### INJUNCTION AGAINST DISABILITY DISCRIMINATION

5.      Defendant, its officers, agents, employees, successors, assigns, and all persons

acting in concert with it shall not engage in discrimination on the basis of disability by failing to

provide reasonable accommodations for disability-related absences and terminating employees

on the basis of disability.

### INJUNCTION AGAINST RETALIATION

6.      Defendant, its officers, agents, employees, successors, assigns, and all persons

acting in concert with it shall not engage in any form of retaliation against any person because

such person has opposed any practice as unlawful under the ADA, filed a Charge of

Discrimination under the ADA, testified or participated in any manner in any investigation, proceeding, or hearing under the ADA, or asserted any rights under this Decree.

## POSTING OF NOTICE

7.      Within seven (7) calendar days after entry of this Decree, Defendant shall post at its Des Plaines, Illinois location, same-sized copies of the Notice attached as **Exhibit A** to this Decree on bulletin boards usually used for communicating with all employees. The Notice shall remain posted for two years from the date of entry of this Decree.

8.      Defendant shall take all reasonable steps to ensure that the posting is not altered, defaced, or covered by any other material. Defendant shall certify to EEOC in writing within fourteen (14) calendar days after entry of this Decree that the Notices have been properly posted. Defendant shall permit a representative of EEOC to enter its premises for purposes of verifying compliance with this Paragraph at any time during business hours without advance notice.

## MONETARY RELIEF

9.      Within fourteen (14) calendar days of the approval of this Decree ("Approval Date") by the District Court or within fourteen (14) calendar days after Defendant receives the Release attached as **Exhibit B** signed by Donnan Lake's heirs Eustace Lake, Joan Lake and Joanna Lake,[1] whichever is later, Defendant shall pay the heirs of Donnan Lake the gross sum of sixty thousand dollars ($60,000) to be divided pro-rata between Eustace Lake, Joan Lake and Joanna Lake. These payments will be reported by an IRS Form 1099-MISC-Box 3. Rivers shall send payment by check via Certified or Registered Mail. Contemporaneously, Rivers shall submit copies of the checks to EEOC.

---

[1] Eustace Lake, Joan Lake and Joanna Lake have each executed Small Estate affidavits acceptable to Defendant.

## TRAINING

10.     During the term of this Decree, the Vice-President of Slots and all managers of the slot performance department at the Des Plaines, Illinois location and all employees with responsibility for considering reasonable accommodations for the Des Plaines, Illinois location shall be trained annually regarding: (i) the duty to accommodate employees under the Americans with Disabilities Act; (ii) Defendant's policies and procedures for providing accommodations to employees for disability-related absences; and (iii) the range of accommodations available at Defendant's facilities. The first training shall take place within sixty (60) calendar days of entry of this Decree. A subsequent training session shall take place within thirty (30) calendar days following the anniversary of the entry of the Decree.

11.     Defendant shall obtain EEOC's approval of its proposed outside/independent trainer(s) and the proposed training content prior to each training session. Defendant shall submit the name(s), address(es), telephone number(s), resume(s), training proposal(s), and curriculum, to EEOC at least twenty-one (21) calendar days prior to the proposed date(s) of each training. EEOC shall have seven (7) calendar days from the date of receipt of the information described above to accept or reject the proposed trainer(s), training proposal(s), and/or training material. In the event EEOC does not approve Defendant's designated trainer(s), proposal(s), and/or training material, Defendant shall have five (5) calendar days to identify an alternate trainer(s) or make changes to the proposal(s) and/or training material. EEOC shall have five (5) calendar days from the date of receipt of the information described above to accept or reject the proposed changes. If the parties cannot, through this process, agree on a trainer(s) and/or the training content, they may seek the Court's assistance under Paragraph 17.

12.     Defendant shall certify to EEOC in writing within seven (7) calendar days after

4

each training session has occurred that the training has taken place and that the required

personnel have attended. Such certification shall include: (i) the date, location and duration of the

training, (ii) a copy of an attendance list, which shall include the name and position of each

person in attendance, (iii) a list of the Vice President of Slots, all managers of the slot

performance department at the Des Plaines, Illinois location and all employees with

responsibility for considering reasonable accommodations for the Des Plaines, Illinois location,

and (iv) copies of any materials distributed to the participants.

## **RECORD KEEPING**

13.     For a period of two (2) years following entry of this Decree, Defendant shall

maintain a record of all requests by employees in the Slots Performance, Slots Operations,

Security and Rush Rewards Departments of its Des Plaines, Illinois[2] location for leave as a

reasonable accommodation.  Such records shall include the following:

(a)     each employee's name, address, and phone number;

(b)     a description of each employee's job, including job title;

(c)     a description of each employee's known disability(ies) and physical condition
(including copies of any reports of attending physicians or other medical
personnel, or other doctor's releases obtained or received by Rivers);

(d)     a description of the employee's request for leave;

(e)     Rivers' response to each request, including but not limited to whether the leave
request was granted or denied; whether alternative accommodations were
considered and/or provided; and whether the employee was terminated if the

---

[2] Or positions performing the functions covered by these current departments if the department names or groupings
change during the course of the Decree.  If the departments or job positions covered by this paragraph change,
Rivers will inform EEOC of such changes within 30 days of the institution of the change.

request for leave was denied.

(f)    if Rivers denied the request, the basis for the denial;

(g)    the name and position of all personnel involved in the decision; and

(h)    all documents related to the leave request.

Defendant shall require its third-party leave administrator to inform Defendant of any request for additional leave or to return to work from employees or any release to return to work from a medical provider of one of its employees at its Des Plaines, Illinois location and Defendant shall retain such information.

14.    Also for a period of two (2) years following entry of this Decree, Defendant shall maintain a record of all complaints of disability discrimination (whether formal, informal, written, and/or spoken) made to Human Resources or any manager by employees of the Des Plaines, Illinois location related to a request for medical leave as a reasonable accommodation. Such records shall include the following:

(a)    the name, address, and phone number of each employee making a complaint, or on whose behalf the complaint was made;

(b)    a description of each such employee's job, including the job title;

(c)    a description of each such employee's known disability(ies) and physical condition (including copies of any reports of attending physicians or other medical personnel, or other doctor's releases obtained or received by Rivers);

(d)    Rivers' response to any such complaint of discrimination related to a request for medical leave as a reasonable accommodation;

(e)    identification of the personnel who handled the employee's complaint of discrimination related to a request for medical leave as a reasonable

6

accommodation; and

    (f)    all documents related to any such employee's complaint of discrimination related to a request for medical leave as a reasonable accommodation.

15.    Defendant shall make all documents or records referred to in Paragraphs 13 and 14, above, available for inspection and copying within fourteen (14) calendar days after EEOC so requests.

## REPORTING

16.    Defendant shall furnish to EEOC a written report every six (6) months after the entry of this Decree, for the duration of the Decree, with the last report due at the end of the 22nd month, as to the denial of requests for leave as a reasonable accommodation and complaints of disability discrimination related to requests for leave as a reasonable accommodation, referred to in Paragraphs 13 and 14. The reports will address events that take place for the prior six months or since the prior report made pursuant to this Decree.

With respect to requests for leave as a reasonable accommodation referred to in Paragraph 13, each such report shall contain:

    (a)    For each employee who, in the last six (6) months (or four (4) months for the last report) requested leave as a reasonable accommodation, each such employee's name, address, and phone number;

    (b)    a description of each such employee's job, including job title;

    (c)    a description of each such employee's known disability(ies) and physical condition (including copies of any reports of attending physicians or other medical personnel, or other doctor's releases obtained or received by Rivers);

    (d)    a description of such employee's request for leave;

(e)     Rivers' response to each request, including but not limited to whether the leave request was granted or denied; whether alternative accommodations were considered and/or provided; and whether such employee was terminated if the request for leave was denied.

(f)     if Rivers denied the request, the basis for the denial; and

(g)     the name and position of all personnel involved in the decision.

With respect to complaints of disability discrimination related to a request for medical leave, referred to in Paragraph 14, each such report shall contain:

(a)     For each employee who, in the last six (6) months (or four (4) months for the last report) complained to Human Resources or a manager of disability discrimination related to a request for leave as a reasonable accommodation or on whose behalf a complaint was made, each such employee's name, address, and phone number;

(b)     a description of each such employee's job, including job title;

(c)     a description of each employee's known disability(ies) and physical condition (including copies of any reports of attending physicians or other medical personnel, or other doctor's releases obtained or received by Rivers);

(d)     a copy and/or description of each such employee's complaint of discrimination (whether formal, informal, written, and/or spoken) related to a request for a leave of absence;

(e)     Rivers' response to any such complaint of discrimination related to a request for a leave of absence; and

(f)     identification of the personnel who handled such employee's complaint of discrimination related to a request for a leave of absence.

8

If no such employee made such a request or complaint, an officer of Defendant shall submit a signed statement so stating. Each report shall also contain a statement signed by an officer of Defendant that the Notice required to be posted by Paragraph 7 above remained posted during the entire six (6) month period preceding the report (or four (4) months for the last report).

## DISPUTE RESOLUTION

17.     If EEOC has reason to believe that Defendant is not complying with this Decree, EEOC shall so notify Defendant in writing. Defendant will then have seven (7) calendar days in which to achieve compliance or satisfy EEOC that there has been compliance. If Defendant does neither, EEOC shall have the right to apply to the Court for appropriate relief. If Defendant fails to pay the monetary amount specified above within the time provided in Paragraph 9, however, the EEOC may apply directly to the Court for appropriate relief.

18.     In resolving any dispute with regard to Defendant's compliance with any provision of the Decree, the Court shall have available to it all equitable remedies which come within the Court's inherent authority, including, but not limited to, extension of any or all terms of the Decree and/or imposing a monetary fine for noncompliance.

## DURATION AND RETENTION OF JURISDICTION

19.     All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of two (2) years  immediately following entry of the Decree, provided, however, that if, at the end of the two (2) year period, any disputes under Paragraph 17, above, remain unresolved, the term of the Decree shall be extended automatically (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## **MISCELLANEOUS PROVISIONS**

20.     The terms of this Decree shall be binding upon the present and future directors, officers, managers, agents, successors, and assigns of Defendant. Defendant, and any successor(s) of Defendant, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

21.     Defendant agrees that it will not condition the receipt of monetary relief on the agreement of the charging party's estate to: (a) maintain as confidential the facts and/or allegations underlying the charge, his complaints, or the terms of this Decree; (b) waive any statutory rights to file a charge with any governmental agency; or (c) agree to a non-disparagement and/or confidentiality agreement.

22.     If any provision(s) of the Decree is found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

23.     When this Decree requires a certification by Defendant of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Defendant to the best of such officer's or management employee's knowledge, information, and belief.

24.     When this Decree requires notifications, reports, and communications to the parties, they shall be made in writing and hand-delivered, mailed, e-mailed, or faxed to the following persons: Rivers Consent Decree Compliance, Legal Unit, U.S. Equal Employment Opportunity Commission, 500 W. Madison St., Suite 2000, Chicago, Illinois 60661.

**SO ORDERED, ADJUDGED, and DECREED** on this ___ day of _____ 2019.

By the Court:

_____

The Hon. Ruben Castillo
United States District Judge

Agreed to in form and content:

For Equal Employment Opportunity          For Defendant:
Commission:

                                          *s/Corey Wise*
James L. Lee                              Corey Wise
Deputy General Counsel                    General Manager
                                          Midwest Gaming and Entertainment, LLC
Gwendolyn Young Reams                     dba Rivers Casino
Associate General Counsel

s/*Gregory M. Gochanour*
GREGORY M. GOCHANOUR
Regional Attorney


*s/Deborah Hamilton*
DEBORAH HAMILTON
Supervisory Trial Attorney


*s/Richard J. Mrizek*
RICHARD J. MRIZEK
Trial Attorney


s/*Ann Henry*
ANN HENRY
Trial Attorney

Equal Employment Opportunity Commission
500 West Madison Street, Suite 2000
Chicago, Illinois 60661

# EXHIBIT A

**NOTICE TO EMPLOYEES**

This Notice is being posted pursuant to a Consent Decree entered by the federal court in *EEOC v. Midwest Gaming and Entertainment, LLC d/b/a Rivers Casino*, Case No 17-cv-6811 (N.D. Ill.), resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Midwest Gaming and Entertainment d/b/a Rivers Casino ("Rivers").

In its suit, EEOC alleged that the Defendant violated the Americans with Disabilities Act ("ADA") by failing to provide for the reasonable accommodation of a qualified individual with a disability and terminating him on the basis of his disability. EEOC and Rivers denied the claims and defenses of the other party.

To resolve the case, the Defendant and EEOC have entered into a Consent Decree that provides, among other things, that:

1) Defendant will make a monetary payment to the disabled employee;

2) Defendant will provide reasonable accommodations to employees for disability-related absences and will not terminate employees on the basis of disability;

3) Defendant will not retaliate against any person because (s)he opposed any practice made unlawful by the ADA, filed an ADA charge of discrimination, participated in any ADA proceeding, or asserted any rights under the Consent Decree; and

4) Defendant will provide training on the ADA to certain of its employees.

EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may contact EEOC at (312) 869-8009. EEOC charges no fees and has employees who speak languages other than English.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

**This Notice must remain posted for 2 years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Rivers Settlement, EEOC, 500 West Madison Street, Suite 2000, Chicago, Illinois 60661.**

_____                          _____
Date                                          The Honorable Judge Ruben Castillo

13

# EXHIBIT B

## **RELEASE AGREEMENT**

I, _____ as heir to Donnan Lake, in consideration for the gross amount of

$20,000, payable to me by Midwest Gaming and Entertainment, LLC, in connection with the

resolution of *EEOC v. Midwest Gaming and Entertainment, LLC d/b/a Rivers Casino*, Case No

17-cv-6811 (N.D. Ill.), waive my right to recover for any claims of disability discrimination

arising under the Americans with Disabilities Act that I or Donnan Lake had against Midwest

Gaming and Entertainment, LLC prior to the date of this release and that were included in the

claims alleged in EEOC's complaint in this case.


Date: _____          Signature: _____